**DAVID ALAN KLEIN, ESQUIRE**
**NJ ID 00969-1995**
**LAW OFFICES OF DAVID ALAN KLEIN, P.C.**
**TEN GROVE STREET**
**POST OFFICE BOX 117**
**HADDONFIELD, NJ  08033**
**(856) 428-3383**

### IN THE UNITED STATES DISTRICT COURT
### FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Ocean Drive Investments, LLC** | : |
| **575 North Route 73** | : |
| **Suite A6** | : |
| **West Berlin, NJ 08091** | : |
|         **Plaintiff,** | : |
|     **vs.** | : |
| | : |
| **Advanced Vascular Resources of** | : |
| **Atlanta, LLC** | : |
| **900 Circle 75 Parkway / Suite 900** | : |
| **Atlanta, GA 30339** | : |
|       **and** | : |
| **Extremity Healthcare, Inc.** | : |
| **900 Circle 75 Parkway / Suite 900** | : |
| **Atlanta, GA 30339** | : |
|       **and** | : |
| **EHI Vascular Solutions - Marietta, LLC** | : |
| **900 Circle 75 Parkway / Suite 900** | : |
| **Atlanta, GA 30339** | : |
|         **Defendants.** | : |
| | : |

### <u>COMPLAINT IN EQUITY</u>

### JURISDICTION AND VENUE

1.      This Court has Jurisdiction pursuant to 28 U.S.C. Section 1332 in that there is

complete diversity of citizenship between the plaintiff and defendants and the matter in

controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of

interest and costs.

2.     Personal jurisdiction may lawfully and fairly be asserted by the New Jersey

District Court over Defendants in that:

(a)     Defendants have Transacted business within the State of New Jersey;

(b)     Defendants have executed numerous acts within the State of New Jersey

for the purpose of realizing pecuniary benefit;

(c)     Key witnesses reside in and around the state of New Jersey; and

(d)     Defendants' actions have caused and continue to cause plaintiff injuries

both within and outside the state of New Jersey.

3.     Venue is proper in the United States District Court for the District of New Jersey

by virtue of the fact that:

(a)     Plaintiff is a New Jersey limited liability company with a business address

of 575 North Route 73, Suite A6, West Berlin, NJ 08091; and

(b)     The transactions and occurrences underlying plaintiff's claims occurred in

the District of New Jersey.

## PARTIES

4.     Plaintiff, Ocean Drive Investments, LLC, ("Investor") is a limited liability

company organizing and existing in the State of New Jersey with a business

address of 575 North Route 73, Suite A6, West Berlin, NJ 08091.

5.     Defendant, Advanced Vascular Resources of Atlanta, LLC ("AVR") is a limited

liability company organized and existing in the State of Georgia with a business

address of 1938 Peachtree Road NW, STE L-5, Atlanta, GA 30309-1267, and a

registered address of 900 Circle 75 Parkway, Suite 900, Atlanta, GA 30339.

6.     Defendant, Extremity Healthcare, Inc. ("Extremity") is a corporation organized and existing in the State of Georgia with a business address of 900 Circle 75 Parkway, Suite 900, Atlanta, GA 30339.

7.     Defendant, EHI Vascular Solutions - Marietta, LLC ("EHI") is a limited liability company organized and existing in the State of Georgia with registered address of 900 Circle 75 Parkway, Suite 900, Atlanta, GA 30339, and a business address[1] of 792 Church St NE Ste 101, Marietta, GA.

## BACKGROUND

8.     At all times material hereto, AVR was an outpatient vascular center in Atlanta, Georgia, specializing in the non-surgical treatment of peripheral arterial disease.

9.     AVR was formed on or about June 3, 2013 and opened its Georgia facility on or about September 26, 2013.

10.    At that time, AVR was managed by AVR Management, LLC ("AVR Management"), a Maryland limited liability company.

11.    At all times material hereto: Investor owned nine (9%) percent of AVR (by virtue of a Ninety Thousand ($90,000.00) Dollar investment); Extremity owned forty (40%) percent; Advanced Vascular Resources, LLC owned thirty-eight (38%) percent; AVR Executive Solutions owned five (5%) percent; Nextage Consulting, LLC owned five 5% percent; Donald Geer owned two (2%) percent; and Sean Yates owned one (1%) percent.

12.     Over the next few years there were certain personnel changes in management

---

[1]     EHI initially used AVR's business address.

and, on or about December 8, 2014, AVR Management surrendered the
management of AVR to Extremity.

13.    Although Extremity initially provided some financial information to Investor,
despite repeated requests both by Investor; (Advanced Vascular Resources, LLC);
and undersigned counsel, AVR and Extremity, as AVR's managing member have
failed timely provide Investor's K-1's and failed to provide any financial
information concerning AVR whatsoever.

14.    As recently as May 4, 2016, Investor's undersigned counsel wrote to Matthew M.
Liss, Esquire, Extremity's attorney for AVR's financial information to no avail.

15.    Additionally, Extremity has deliberately and/or negligently mismanaged AVR and
terminated key AVR personnel causing AVR's business to drop precipitously
while focusing on opening a competing facility owned directly by Extremity
and/or its principals, (defendant EHI)  in nearby Marietta, Georgia, on or about
July 31, 2015, and utilizing AVR's various processes procedures and other
protected intellectual property for its own purposes and to the detriment of AVR
and its investors / members.

16.    Also, upon information and belief, by June 1, 2016, AVR's entire staff was either
terminated or laid off and AVR has ceased conducting business.

17.    Further, EHI hired a key AVR employee who performed Ultrasound/ABI Tests on
AVR patients for EHI's Marietta facility.

18.    Extremity's foregoing conduct and breach of its fiduciary duty as AVR's
managing member has proximately caused damages to Investor.

19.   Notwithstanding the foregoing, upon information and belief, Extremity has, nevertheless, taken "management" and other administrative fees from AVR.

20.   Extremity's conduct has left with Investor with no alternative but to file the instant Complaint and request for equitable relief.

## COUNT I

### CLAIM IN EQUITY v. AVR and EXTREMITY

21.   Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.   As set forth herein, Defendants Extremity and AVR and, each of them, have purposefully and deliberately failed to provide AVR's financial information to Investor despite Investor's lawful right to such information.

23.   In addition to interfering with Investor's ability to timely file requisite state and federal income tax returns, Extremity and AVR, have interfered with Investor's ability to manage and evaluate his $90,000 investment in AVR.

**WHEREFORE**, plaintiff, Ocean Drive Investments, LLC, Inc. respectfully requests that this Honorable Court enter an Order requiring defendants, Advanced Vascular Resources of Atlanta, LLC, and Extremity Healthcare, Inc., to provide plaintiff with a full accounting for Advanced Vascular Resources of Atlanta, LLC, including, but not limited to, all accounts payable and accounts receivable; all bank records and bank reconciliation statements; all payroll and related 1099 records for any and all independent contractors and employees; all utility and other related expenses; all appointment books and related patient record and billing records for all patient visits, charges and fees (redacted per HIPAA); any and all contracts and/or agreements

between Advanced Vascular Resources of Atlanta, LLC and employees; independent contractors; vendors; disgorge any and all fees and charges taken from AVR by Extremity; and compensate plaintiff for the counsel fees and costs associated with the drafting and filing of this Complaint; and any other equitable relief which the Court deems just.

## COUNT II

## BREACH OF FIDUCIARY DUTY v. EXTREMITY

24.    Plaintiff hereby incorporates by reference paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.    As more fully set forth above, Investor, upon investing Ninety Thousand ($90,000.00) Dollars in AVR, became a Nine (9%) owner and member of AVR.

26.    As a member of AVR, Investor was entitled to quarterly distributions; a K-1 by March 31 of each and every calender year; and to review AVR's financial records (collectively "Financial Information").

27.    As the manager of AVR, Extremity had the contractual and fiduciary duty to, *inter alia*: manage and oversee the business; keep and maintain financial and related records; keep Investor and other AVR members abreast of major AVR events, not the least of which being the closing and cessation of the business; and to provide Investor and all other AVR members with complete and timely Financial Information.

28.    However, as set forth above, Extremity has failed and despite repeated demand, continues to fail to provide the Financial Information to Investor or timely advise Investor of the closing and cessation of the business, or any information pertaining

thereto.

29.     Additionally, and upon information and belief, Extremity deliberately and/or

negligently mismanaged AVR and terminated key AVR personnel causing AVR's

business to drop precipitously to the benefit of defendant EHI utilizing a key AVR

employee and AVR's various processes procedures and other protected

intellectual property for its own purposes and benefit, all to the detriment of AVR

and its investors / members.

30.     Extremity, as the manager of AVR had a fiduciary duty and duty of loyalty to

Investor and other AVR members.

31.     As set forth above, in negligently and/or deliberately mismanaging AVR and

exalting the interests of Extremity and EHI, over those of Investor and other AVR

members, Extremity breached its duties to Investor and other AVR members.

32.     Compounding this, and upon information and belief, Extremity actually took

monies from AVR under the guise of management fees.

**WHEREFORE**, plaintiff, Ocean Drive Investments, LLC, Inc., demands judgment

against defendant, Extremity Healthcare, Inc., for a sum in excess of One Hundred Thousand

($100,000.00) Dollars, plus costs, legal fees and any other relief which the Court deems just.

## COUNT III v. EXTREMITY

### BREACH OF CONTRACT

33.     Plaintiff hereby incorporates by reference paragraphs 1 through 32 of this

Complaint as if fully set forth herein.

34.     As set forth above, Extremity took over the management of AVR, replacing AVR

Management LLC on or about December 8, 2014.

35.    By replacing AVR Management, LLC, Extremity stepped into the shoes of AVR
Management, LLC, becoming contractually bound to AVR to perform certain
management functions.

36.    As set forth above, Extremity failed to perform these functions thereby breaching
the management agreement between Extremity and AVR ("Management
Agreement").

37.    Therefore, and consistent with the Management Agreement, Extremity became
responsible to, *inter alia*, "provide management, procurement, personnel, finance
and administrative services ("Services") sufficient to operate, manage and
supervise operations at the Center [AVR's facility], pursuant and subject to the
terms and conditions set forth in this Agreement[2]."

38.    In breaching the said Management Agreement, Extremity proximally caused
damages to AVR and its members, including, but not limited to, Investor.

39.    Upon information and belief, Extremity had neither the intention, ability nor
wherewithal to perform the duties incumbent upon them pursuant to the terms and
conditions of the Management Agreement.

40.    As a result, plaintiff has suffered damages in excess of One Hundred Thousand
($100,000.00) Dollars.

**WHEREFORE**, plaintiff, Ocean Drive Investments, LLC, Inc., demands judgment

---

[2]    AVR of Atlanta, LLC Management and Administrative Services Agreement § 1.1

against defendant, Extremity Healthcare, Inc ., for a sum in excess of One Hundred Thousand

($100,000.00) Dollars, plus costs, legal fees and any other relief which the Court deems just.

### COUNT IV v. EXTREMITY AND EHI

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

41.     Plaintiff hereby incorporates by reference paragraphs 1 through 40 of this

Complaint as if fully set forth herein.

42.     As set forth above, Extremity and/or its principals took a key AVR employee and

utilized AVR's assets, resources and intellectual property ("AVR Assets") in

establishing and opening EHI's Marietta, Georgia facility.

43.     In doing so, and in addition to unlawful utilizing the above described AVR

Assets, EHI and Extremity intentionally interfered with AVR's present and future

business.

44.     The foregoing constitutes intentional interference with prospective business

advantage.

45.     This intentional interference proximately caused Investor, and other AVR

members to suffer severe financial damages for which defendants EHI and

Extremity are liable.

**WHEREFORE**, plaintiff, Ocean Drive Investments, LLC, Inc., demand judgment

against defendants, Extremity Healthcare, Inc., and EHI Vascular Solutions - Marietta, LLC, and

each of them, for a sum in excess of One Hundred Thousand ($100,000.00) Dollars, plus costs,

legal fees and any other relief which the Court deems just.

## <u>COUNT V</u>

## PUNITIVE DAMAGES

46.     Plaintiff hereby incorporates by reference paragraphs 1 through 45 as if fully set

forth herein.

47.     Also, as set forth above, defendants' actions proximately caused plaintiff to suffer

severe financial damages.

48.     Since defendants' actions were intentional, purposeful, and tortious, defendants

are subject to liability for punitive damages.


_____
              **/s/ DAK**
**DAVID ALAN KLEIN, ESQUIRE**
**NJ ID 00969-1995**
**LAW OFFICES OF DAVID ALAN KLEIN, P.C.**
**TEN GROVE STREET**
**POST OFFICE BOX 117**
**HADDONFIELD, NJ  08033**
**(856) 428-3383**
**lawofficesdakpc@aol.com**
**Attorney for Plaintiff**