UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCEAN DRIVE INVESTMENTS, LLC<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED VASCULAR RESOURCES OF ATLANTA, LLC, EXTREMITY HEALTHCARE, INC., and EHI VASCULAR SOLUTIONS – MARIETTA, LLC,<br><br>Defendants. | Civil No. 16-4525 (RBK/JS)<br><br>**ORDER** |

**KUGLER**, United States District Judge:

    **THIS MATTER** having come before the Court on its own motion; and

    **IT APPEARING TO THE COURT** that Plaintiff Ocean Drive Investments, LLC ("Ocean Drive") filed the Complaint [Dkt. No. 1] in this case on July 26, 2016, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Compl. ¶ 1); and

    **IT FURTHER APPEARING TO THE COURT** that the complaint against Defendants does not allege any claims arising under the Constitution, laws, or treaties of the United States that would bring this matter under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331; and

    **IT FURTHER APPEARING TO THE COURT** that in pleading its citizenship, Ocean Drive alleges that it "is a limited liability company organiz[ed] and existing in the State of New Jersey with a business address of 575 North Route 73, Suite A6, West Berlin, NJ 08091" (Compl. ¶ 4); and

1

**IT FURTHER APPEARING TO THE COURT** that Ocean Drive makes no reference to the members of Ocean Drive or the citizenship of the members of Ocean Drive; and

**IT FURTHER APPEARING TO THE COURT** that Ocean Drive alleges that "Advanced Vascular Resources of Atlanta, LLC ('AVR') is a limited liability company organized and existing in the State of Georgia with a business address of 1938 Peachtree Road NW, STE L-5, Atlanta, GA 30309-1267, and a registered address of 900 Circle 75 Parkway, Suite 900, Atlanta, GA 30339," (Compl. ¶ 5); and

**IT FURTHER APPEARING TO THE COURT** that Ocean Drive appears to make reference to the members of AVR, including noting that Ocean Drive itself was a member of AVR, but does not reference the citizenship of the members of AVR, (Compl. ¶ 11); and

**IT FURTHER APPEARING TO THE COURT** that Ocean Drive alleges that "EHI Vascular Solutions – Mariette, LLC ('EHI') is a limited liability company organized and existing in the State of Georgia with registered address of 900 Circle 75 Parkway, Suite 900, Atlanta, GA 30339, and a business address of 792 Church St NE Ste 101, Marietta, GA," (Compl. ¶ 7); and

**IT FURTHER APPEARING TO THE COURT** that Ocean Drive makes no reference to the members of EHI or the citizenship of the members of EHI; and

**THE COURT NOTING** that "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members. Accordingly, the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183 (3d Cir. 2008)). "The state of organization and the principal place of business of an unincorporated association are largely irrelevant." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citations omitted). Additionally, "where an LLC has, as

one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli*, 592 F.3d at 420 (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); and

**THE COURT FURTHER NOTING** that the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); and

**THE COURT FURTHER NOTING** that "[t]he burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)); and

**THE COURT FURTHER NOTING** that failure to plead the citizenship of a defendant LLC does not automatically divest a court of jurisdiction, but the plaintiff must at least allege that "the defendant is *not* a citizen of the plaintiff's state of citizenship." *Id.* at 107; and

**THE COURT FURTHER NOTING** that *Lincoln Benefit* does not provide safe harbor to a plaintiff who fails to fully plead the citizenship of a *plaintiff* LLC; therefore

**IT IS HEREBY ORDERED** that Plaintiff Ocean Drive Investments, LLC is required to **AMEND THE COMPLAINT** to properly plead its citizenship and properly plead citizenship of the defendant LLCs within **FOURTEEN (14) DAYS** of this Order's issue date or this Court shall dismiss the case for lack of subject matter jurisdiction.[1]

Date: July  27th , 2016

                                       s/ Robert B. Kugler
                                       ROBERT B. KUGLER, U.S.D.J.

---

[1] The Court also notes that if Ocean Drive is actually a member of AVR, then it will be impossible for Ocean Drive to plead diversity of citizenship, because AVR will automatically be a citizen of whatever state(s) Ocean Drive is a citizen.